The next case is Taylor v. Rutella. Good morning, Your Honors, may it please the Court, my name is Deborah Wapnick, I am the attorney for the appellant and defendant, Austin Rutella, in this case. Mr. Rutella is appealing the decisions of the District Court awarding the appellee, plaintiff, Mr. Taylor, damages and attorneys fees on default. Mr. Taylor's complaint alleged that Mr. Rutella and a co-worker, Darren Sobel, hung a rope in the shape of a noose in the tool room of the place of their employment, and that the police were called. After the police were called, the rope was removed. Subsequently, according to the complaint, Mr. Rutella approached the appellee in a menacing manner. That is the entirety of the complaint. Unfortunately, through no fault of Mr. Rutella, he retained counsel, that counsel never did anything in the case, didn't appear for over two years, at which point multiple default judgments had been rendered, and there was judgments totaling almost a million dollars against my client. When the attorney finally did appear, he still didn't do what he could have done to rectify some of this. We came on as counsel in early August of 2025, and we are here today to try to rectify just some of the damage. And I understand that you're new counsel, and perhaps your client has a wonderful legal malpractice claim, but you're appealing the damages. Yes, Your Honor, we're appealing both the damages and the finding of liability. And although I understand that the behavior of the prior attorney is not necessarily before Your Honors today, it's important in the context of, for example, the appellee makes the argument that because the 14 days had passed since the report and recommendations, there was a waiver of the right to even appeal. Do we have jurisdiction to hear the challenge of the default judgment? Yes, that's what this appeal is from. No, I know it's what the appeal is from, but do we have the authority to review that, jurisdiction to review that? Do you mean jurisdiction because of the 14-day rule, or for some other reason? Well, the default judgment was entered in June 2024, and the order adopting the damages was entered in October 2024, and the judgment on that order was October 23. And your client didn't file a notice of appeal until August 28, 2025. So while we might have jurisdiction over the attorney's fees, explain why the notice of appeal is just untimely as to the merits of the default judgment. I would say it is timely, Your Honor, because each one of these decisions brought up with it the one before it. So the original decision saying there is a default judgment, there was no evidence of  So the district court judge said, I'll give you a default on liability, but you need to establish damages. Then there was a motion for damages, but it didn't include the attorney's fees. So that there was this decision saying, OK, I'm going to give you damages for emotional distress, punitives, but now you need to deal with the attorney's fees. So it just kept going, unfortunately. And by the time the final, final judgment was the attorney's fees. Well, there is case law in the Supreme Court and here that has said that the pendency of the attorney's fees issue is not one of those things that just follows along. That you have a final judgment and then the attorney's fees, ongoing dispute over attorney's fees is not sufficient to toll the time. The time starts to run from that final judgment on the merits. That's what I'm having difficulty with. Well, there was no dispute as to the attorney's fees because the attorney wasn't doing anything about it. And in each order, the judge was saying, now this is the next thing we're going to do. This is the next thing we're going to do. So the judge was tying them all together in the context of one judgment. And I ask, you have ongoing motion practice before the district court to potentially return to the merits, upset the merits as a result of the attorney's failures. Am I right about that? Yes. There is a pending motion to vacate. It's pending and no action on that motion, possibly because you're here. It's unclear. Yes. One of the things the court asked us was, do we have jurisdiction, just like you're asking, do you have jurisdiction? And in our papers, we said, yes, because of this complicated structure of Rule 4 and Rule 6. And unfortunately, because of the point where we came in, there wasn't enough time to get the motion to vacate before the judge within the 30 days from the last judgment. So we had to do that subsequently, which means that it's kind of a whole new world, right? We're not, if that motion to vacate is denied, it's not going to bring up everything that we have here before your honors, because that motion deals with the malfeasance and incompetence of counsel and the effect that that had on our client. So if this court declines jurisdiction, and then that court declines jurisdiction . . . What's the status of that motion in terms of, you said that the court below asked whether the court had jurisdiction in light of this appeal. Right. But did the court indicate if and when it was going to rule on that motion? It did not. It did not. And there was also a motion to stay that was presented that hasn't been decided yet. So there's quite a few things going on in that. And of course, down the road, there will be a malpractice claim probably sooner rather than later. But we're trying to understand, we're here to mitigate. We're trying to mitigate here. We're trying to mitigate before the district court, as is our obligation in any malpractice case. If you lose that motion, you might appeal that as well, right? If the motion to vacate is denied, that could be the subject of an appeal, right? Yes, we can appeal that, but that won't bring up everything that's here because that's about the conduct of the attorney. So what we're trying to do is . . . What do you mean by that won't bring up everything that's here? I understood the purpose of that motion was to say, vacate the default because of this deception when an attorney engages in fraudulent, deceptive conduct, so that you can get to revisit the merits, correct? Right, so if the judge finds that the conduct was not sufficient, then we have the potential for never hearing these arguments, these significant arguments, issues with what the district court . . . If the district court denies the motion to vacate, you can appeal that back here. Right. What I'm asking is, what if the district court grants that motion to vacate? Then you have a full-blown case on the merits. Yes, and for that reason, we had asked Your Honors to stay this until we got a decision on the motion, but that was denied. So we're here, and it might not make perfect sense in a timeliness aspect, as for expenses, et cetera, but we tried. And what happened below was, the district court was presented with an application for a default judgment in very basic terms. The district court did a lot of its own research, a lot of its own fact-finding, and unfortunately, it didn't comport with what was in the complaint, what was in other documents. That's what happens when you get defaulted. You lose the opportunity to point out the holes, right? Yes. The court referred the case to a magistrate judge that then did a full hearing and made a report of findings, right? Well, there was no hearing. Not a hearing, but gave a report. It wasn't just, you didn't show up, you didn't answer default. Right. So it was all on the judge's own efforts. So all the case law that was cited, the judge notes, I have no memorandum of law, I have no affidavits, I have nothing, and then issues a 20-page decision. And all of that was based on what the judge gleaned from the complaint from his own research, or his law club's own research, and there were grave mistakes in there, grave mistakes, that my client, who's a journeyman electrician, and now he's had almost a million dollars in judgments against him. But he had notice, right? He had notice, he hired an attorney. I understand the argument about the attorney, but it's not a situation where he couldn't have appeared to defend his own case. And as I understand, the company settled, right? The employer settled with the plaintiff. We have some indication of that. Unfortunately, we don't know the full extent of it. Right. But yes, even that wasn't considered by the magistrate judge and then the district judge in issuing its decision. It's not anywhere. So there's no allocation made to say, these are the damages I'm going to take off what appears to be about $160,000 that was received in settlement. It's not acknowledged anywhere. There's also a workers' compensation claim that involved the PTSD that is alleged in this case. And there's nothing said about, well, because there was a workers' compensation claim that you succeeded on, I'm not going to let you get the full extent of your alleged PTSD against this person who has defaulted. And there's issues with the attorney's fees or significant issues with the attorney's fees. There's billing for menial administrative tasks. There's billing for things that I couldn't possibly tell you what they were billing for. There's billing for press conferences and things that were entirely self-serving. There's so much there that, even if the judge was acting on his own, should have been looked at. And it's manifestly unjust to have my client, who desperately tried to retain an attorney, paid the money, followed up over and over and over again, what is going on, and was reassured, there's a plan here, we've got this, there won't be a judgment against you. He waved, my client waved his attorney-client privilege to present all that. Ms. Havnick, we'll hear from your adversary. Okay, thank you, Your Honor. Good morning. Stephen Bergstein for the Plaintiff Appellee. Assuming this court has jurisdiction because of the discrepancy between the judgment on liability and when the notice of appeal was filed, let me talk about the merits. We haven't really talked about the straight merits of the case and why the magistrate judge... Did you see any issue with regard to subject matter jurisdiction? Or appellate jurisdiction? Appellate jurisdiction. Sure. The judgment of liability was October 23rd, 24, and the notice of appeal was August 28th, 25, so that's 10 months late. The key thing is when the damages, right? It's not appealable until the damages are imposed, right? Correct, but I still think that's outside the 30 days when the damages order was entered. I mean, there can only be one right answer to that. But I think it's more than 30 days, and if that's the case... I think the order adopting the damages report and recommendation was on October 21st, 2024, and then the judgment on that was October 23rd, two days later. Right, but no matter how we look at it, it's outside the 30 days. But just in the alternative, just to address the merits, because we haven't discussed the merits, the display of a noose in the workplace, even one instance, is enough for a hostile work environment that's sufficiently severe. Here we have two, and this Court said so in Banks v. General Motors a couple of years ago. It's very strong language about the impact that a noose can have in the workplace, even if you only do it once. And Banks relies on a district court case from 2001. Defendants do cite some district court cases going the other way, but they predate Banks. Banks is the law of the circuit when it comes to liability for the placement of a noose in the workplace. On damages, $200,000 in pain and suffering, the district court pointed out $200,000 is about within the range that you can accept in a case involving significant pain and suffering under the matrix this Court uses. And we do have evidence of the pain and suffering. We have a psychological report showing this plaintiff suffered significantly as a consequence of what happened at work. His life really changed. You know, he lives with his grandparents in upstate New York. He doesn't trust anyone. His relationships have deteriorated. His outlook on life has diminished. You know, he has PTSD from this, and I'm not going to second-guess what it feels like for a black employee to see a noose in the workplace, but it sounds about right. And if that's the case, and it was not objected to, then $200,000 is within the range of pain and suffering in a case like this. And there's a 1985-3 challenge, but I know there are district courses that go both ways on that issue, but I think the more persuasive argument is that 1985-3 could be invoked for a 1981 violation because, although Novotny from the Supreme Court says you can't do the same on the Title VII, there are different interests at stake when you're suing under 1981, because a 1981 violation is... You're not doing any workaround with the administrative exhaustion requirements on the Title VII. The fact that there are cases supporting both sides on the 1985-3 issue supports our point that there's substantial merit to the plaintiff's claim and that it can't be an interest-of-justice reversal in light of the plaintiff's default. If there's some case law supporting the plaintiff's position, then you can't say his position lacks substantial merit. So for these reasons, this Court should affirm the judgments of the district court. Thank you. If there is not jurisdiction under the underlying default, but there is, obviously, for the attorney's fees issue, and there is this pending motion to vacate, before we would decide the attorney's fees issue, should we send it back to see what the district court judge does on the motion to vacate? Because if the district court judge vacates it, we don't have to deal with the attorney's fees, right? That's one option. Why shouldn't we do that? I haven't thought of that. I'm just thinking if this Court affirms, then there's more fees. If this Court vacates... Well, I wasn't really thinking of that. Right. I was just thinking we don't even have to decide the issue in the first instance if, in fact, we don't know what's going to happen with the motion. So... Maybe it makes sense, since this appellate jurisdiction issue is just coming up in argument, to ask both sides to submit a letter of no more than five pages and submit it within five days, just addressing appellate jurisdiction and whether we have it. And then you might also address this issue of whether it makes sense for us to return jurisdiction to the district court to address the pending motions there before addressing the attorney's fees issue. To address returning the case to the district court solely on the attorney's fees? On the attorney's fees. Well, no, on the underlying motions that are before that court so that those motions can be resolved before we would take up the attorney's fees issue. Assuming that we lack appellate jurisdiction. Whether pending motions should be resolved prior to this court ruling on this appeal? On the attorney's fees in the event that we currently lack appellate jurisdiction. If there's no jurisdiction on the other issues? Right. Is that correct? That's correct. We can do that. Okay. And we will take the matter under advisement and thank you both for coming in. I think that concludes court this morning so I'll ask the deputy to adjourn court.